# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7096 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Schwartz vs. National Van Lines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and order. Defendant National's motion to dismiss Counts VII and VIII of Plaintiff's complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 0 2 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 36 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOFIA SCHWARZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 7096 |
| | ) |
| NATIONAL VAN LINES, INC., | ) |
| DWAYNE SCHIESSER, and | ) |
| APEX RELOCATION SPECIALISTS, INC., | ) |
| | ) |
| Defendants. | ) |

DOCKETED
JUL 0 2 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff, Sofia Schwarz, filed an eight-count amended complaint against Defendants National Van Lines, Inc. ("National"), Dwayne Schiesser, and Apex Relocation Specialists, Inc. ("Apex") alleging breach of contract by National under 49 U.S.C. §14706 (the "Carmack Amendments") (Count I), conversion by National (Count II), intentional infliction of emotional distress by National (Count III), negligent infliction of emotional distress by National (Count IV), breach of the implied covenant of good faith and fair dealing by National (Count V), constructive fraud based on breach of fiduciary duty by National (Count VI), and claims against Schiesser and Apex under Section 1961 of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts VII and VIII). Defendant National moved to dismiss all eight counts of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant National's 12(b)(6) motion to dismiss was denied in part and granted in part, dismissing Counts II, V, and VI of Plaintiff's amended complaint. This Court also dismissed Counts VII and VIII of Plaintiff's complaint without prejudice because Plaintiff failed to allege that National engaged or participated in a

36

pattern of racketeering, as mandated by §1962(c) of the RICO statute. Plaintiff subsequently filed a motion to reconsider or clarify portions of the Court's May 20, 2004 Order. The Court granted Plaintiff's motion in part, reinstating Counts VII and VIII against Defendants Schiesser and Apex. The Court also decided to assess the original arguments made by Defendant National that Plaintiff may not rely on the doctrine of vicarious liability to properly state a RICO claim against National. For the reasons stated below, Plaintiff's RICO claim cannot reach Defendant National through vicarious liability. Thus, Counts VII and VIII of Plaintiff's first amended complaint against National are dismissed.

## BACKGROUND

The allegations in this case are set forth in detail in the Court's prior opinion. *See Schwarz v. National Van Lines, Inc.*, No. 03 C 7096, 2004 WL 1166632 (N.D. Ill. May 21, 2004). The Court assumes the readers' familiarity with them and will not repeat them here.

In early December, 2000, Plaintiff Sofia Schwarz hired National Van Lines, Inc., to transport her household goods from Scottsdale, Arizona to Salem. (*Id.* at ¶ 11.) National hired its agents Dwayne Schiesser and Apex Relocation Services to ship Plaintiff's goods interstate. (*Id.* at ¶ 20.) On January 10, the scheduled delivery date, Schiesser failed to appear in Oregon with Plaintiff's goods and subsequently disappeared. (*Id.* at ¶ 39.)

On March 18, 2001, a third party contacted Plaintiff's sister and informed her that Plaintiff's goods appeared to be stored in a garage in Texas. (*Id.* at ¶ 61.) On April 6, 2001, Plaintiff traveled to Texas to retrieve her stolen property. (*Id.* at ¶ 73.) Upon inspection of her goods, Plaintiff noted damages to electronic equipment, discovered many of her items missing, and also found items belonging to other shippers. (*Id.* at ¶ 74.) On April 22, 2001, National

finally delivered Plaintiff's household goods to her home in Salem. (*Id.* at ¶ 77.)

## LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss, a court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Schuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. (1983). A motion to dismiss should not be granted unless it appears beyond doubt that no set of facts would entitle the plaintiff to relief. *Hernandez v. City of Goshen*, 324 F.3d 656, 658 (7th Cir. 2002).

## ANALYSIS

Plaintiff has admitted that she only seeks to impose liability on National for her §1962(c) RICO claims under the doctrine of vicarious liability. National makes three arguments in support of its motion to dismiss the RICO claims. First, National argues that Plaintiff failed to state a RICO claim against Defendants Apex and Schiesser because she did not allege that they engaged in a pattern of racketeering as required under the RICO statute. Accordingly, National asserts that to hold a corporation vicariously liable for only one predicate act committed by an agent is contrary to RICO requirements. Second, National contends that 49 U.S.C. §13907 does not provide a basis to attribute RICO liability to a principal carrier. Lastly, National argues that vicarious liability is inapplicable under §1962(c) of the RICO statute and that Plaintiff also fails to state a claim under §1962 (a) and (b) because National did not benefit from the corrupt acts of Defendants Schiesser and Apex.

Plaintiff's argument is twofold. First Plaintiff asserts that because National is vicariously

3

liable for all acts of its agents pursuant to the Carmack Amendment, it necessarily follows that National is liable for Defendant Schiesser's and Apex's RICO violations. Second, Plaintiff argues that vicarious liability is "the rule, not the exception, under RICO." Specifically, Plaintiff contends that her claim survives §1962(c) because National and the alleged RICO enterprise are distinct entities. Although Plaintiff fails to allege liability against National pursuant to 1962(a) and (b) of the RICO statute, she uses the standards of these subsections to argue that National is vicariously liable because National derived a benefit from the racketeering acts if its agents and because vicarious liability is consistent with congressional intent. *See Liquid Air v. Rogers*, 834 F.2d 1297, 1306 (7th Cir. 1987).

I.  **Apex and Schiesser Engaged in a Pattern of Racketeering**

Defendant National argues in support of its motion to dismiss that Plaintiff failed to state a RICO claim against Defendants Apex and Schiesser because she did not allege that they committed two predicate acts of racketeering as mandated under the RICO statute. Defendant's argument, however, fails.

A plaintiff alleging a RICO violation must prove that the defendant's allegedly corrupt actions constitute a pattern of racketeering. *See Ashland Oil v. Arnett*, 875 F.2d 1271, 1276 (7th Cir. 1989). A pattern of racketeering requires two predicate acts committed by a defendant within a 10-year period. *Liquid Air*, 834 F.2d at 1304. Further, there must be some continuity and relationship between the acts to establish a "pattern." *See id.* Criminal acts that have similar schemes, purposes, and victims constitute a "pattern" for purposes of the statute. *See id.* According to *Ashland Oil*, "neither the presence of a single scheme or a single victim has precluded the finding of a pattern of racketeering." 875 F.2d at 1277. Plaintiff's complaint notes

4

that while retrieving her property in Texas, she discovered stolen goods belonging to a number of other shippers who also entrusted Defendants Apex and Schiesser to transport their household goods interstate. Thus, because Plaintiff states that Defendants Apex and Schiesser engaged in a pattern of similar thefts of interstate commerce and transportation of stolen goods with respect to numerous other shippers, she properly alleged that Defendants Apex and Schiesser committed at least two predicate acts for the purposes of the RICO statute. Accordingly, because Defendants Apex and Schiesser allegedly engaged in a pattern of similar criminal acts, targeting similar victims, over a period of time, Defendant National's argument that Plaintiff failed to allege a pattern of racketeering under RICO fails.

## II. Vicarious Liability Under RICO

The applicability of vicarious liability to RICO is a topic of debate among the circuits. Because the purpose of RICO is to reach those who profit from a pattern of racketeering, vicarious liability only applies to civil RICO in limited circumstances in order to avoid holding innocent corporations liable for the wrongdoing of their employees. *See Liquid Air*, 834 F.2d at 1306. Thus, the Seventh Circuit only imposes vicarious liability in RICO actions when (1) the corporation has derived some benefit from the alleged RICO action; and (2) imposing vicarious liability does not circumvent congressional intent. *See id.* To determine congressional intent, the Court looks to the express language of each subsection of the statute. *See id.* Here, vicarious liability is not consistent with congressional intent. Further, Plaintiff does not properly allege that National derived a benefit from the racketeering acts of its agents. Therefore, vicariously liability is not appropriate in the instant case.

Section 1962(c) of the RICO statute provides:

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises affairs through a pattern of racketeering activity..."

Section 1962(c) requires that the RICO "person" and the RICO "enterprise" be separate entities because an enterprise cannot associate with or be employed by itself. *See D&S Auto Parts, Inc. v. Schwartz*, 838 F.2d 964, 967 (7th Cir. 1987); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 747 F.2d 384, 402 (7th Cir. 1984). Thus, subsection (c) shields corporate enterprises from liability for the corrupt acts of their employees. *See Liquid Air*, 834 F.2d at 1306. The purpose of subsection (c) is to protect those corporations that are "merely the passive instrument for the [employee's] wrongdoing." *See Haroco*, 747 F.2d at 402. If the corporation-enterprise perpetrates illegal conduct, it may be held vicariously liable under subsection (a) or (b) which have no non-identity requirement. *See Liquid Air*, 834 F.2d at 1306.

Defendant National contends that subsection (c) of the RICO statute proscribes vicarious liability in the instant case because the Seventh Circuit only imposes liability upon a corporation when it is somehow involved in the criminal scheme. *See D&S*, 838 F.2d at 967. Plaintiff alleges that vicarious liability is entirely appropriate under § 1962(c) because National is distinct from the alleged enterprises.

Defendant National relies on the outcome in *D&S* which stated that vicarious liability is inconsistent with the Seventh Circuit's approach to RICO liability. As subsequent decisions have noted, however, *D&S* should not be read as a blanket rejection of vicarious liability under RICO because the *D&S* court only focused on the inapplicability of vicarious liability under subsection (c) when the corporation and enterprise are not distinct entities and the corporation

has no knowledge of its employees RICO violations. *See Williams Elec. Games, Inc. v. Barry,* 42 F. Supp. 2d 785, 793 (N.D. Ill. 1999). Further, as the *Williams* court points out, if the Court read *D&S* as a blanket rejection of vicarious liability, the outcome would overrule the Seventh Circuit's decision in *Liquid Air* decided only two months earlier which stated that vicarious liability is entirely appropriate under subsections (a) and (b) of the RICO statute when the corporation benefits from its employee's alleged RICO violations. *See Williams,* 42 F. Supp. 2d at 793.

Although Plaintiff properly alleges that Defendant National is a distinct entity from the RICO enterprise for the purposes of §1962(c), courts have suggested that imposing vicarious liability is still inconsistent with the congressional intent behind this subsection when the corporation has no knowledge of the criminal behavior of its agents or employees. In *Aspacher v. Kretz,* 1997 U.S. Dist. LEXIS 8000, *31-32 (N.D. Ill. June 5, 1997), the court noted that vicarious liability is not applicable to a non-enterprise corporation, such as National, unless the corporation is a central figure in the scheme. *See also Ash v. Wallenmeyer,* 1986 U.S. Dist. LEXIS 20260, *6 (N.D. Ill. Sept. 18, 1986) (holding that there must be some inference that the corporation consented or took part in the racketeering activity to be held liable under §1962(c)); *Nystrom v. Assoc. Plastic Fabricators, Inc., Profit-Sharing and Savings Plans and Trust,* No. 98 C 134, 98 C 4282, 1999 WL 417848 (N.D. Ill. June 18, 1999) (stating that a corporation only becomes vicariously liable for the intentional acts of its agents under §1962(c) where it is the aggressor or central figure in the alleged criminal activity). The Court agrees with the reasoning of these courts.

Plaintiff relies on *Ashland Oil* and *Williams* for the proposition that a non-enterprise

7

corporation may be held liable for the racketeering acts of its agents. Plaintiff fails however, to acknowledge that in both of the cited cases, the defendant corporation was somehow involved in or benefitted from the criminal scheme of the RICO enterprise. *See Ashland Oil*, 875 F.2d at 1281; *Williams*, 42 F. Supp. 2d at 792-793. There is no allegation in Plaintiff's complaint that Defendant National was involved in or knew of Defendant Schiesser's or Defendant Apex's scheme to steal Plaintiff's household goods.

Accordingly, because Plaintiff fails to allege that Defendant National knew of or participated in the racketeering acts of its agents, she has not properly stated a claim for vicarious liability against Defendant National under RICO.[1]

### III. Defendant National Did Not "Benefit" From its Agents' Pattern of Racketeering

Although Plaintiff does not seek to impose liability on National under subsections (a) or (b) of the RICO statute, she proceeds to use the standards of these subsections to support her argument that vicarious liability is proper under RICO. Subsections (a) and (b) do not require the alleged RICO enterprise and person to be district entities and cover those situations in which the enterprise itself is guilty of wrongdoing. *See Liquid Air*, 834 F.2d at 1306. Vicarious liability is entirely appropriate under both subsections when the corporate-enterprise benefits from the corrupt acts of its employees or agents. *See id.* Defendant National argues that it did not benefit from the racketeering activities of its agents because the corporation only benefits when its agents provide lawful transportation services. Plaintiff asserts that National indirectly benefitted from its agents' RICO violations because knowledge of Defendant Apex's and Defendant

---

[1] Plaintiff has provided no basis for the court to nonetheless impose vicarious liability under §1962(c) pursuant to 42 U.S.C. §13907.

8

Schiesser's ability to steal shippers' household goods may compel more corrupt agents to work for National and thus increase National's overall profit.

Even if Plaintiff had alleged vicarious liability under sections (a) and (b), the benefit that Plaintiff alleges National derived does not constitute a "benefit" sufficient to impose vicarious liability under the RICO statute. Seventh Circuit case law indicates that for a corporation to "benefit" for purposes of the RICO statute, the corporation must use the proceeds or otherwise profit from the specific racketeering activity. *See Haroco*, 747 F.2d at 402.

National does not allege that it benefitted from Apex's and Defendant Schiesser's illegal conduct. Rather, Apex and Schiesser used National as an instrument through which to conduct their criminal scheme.

Even if Plaintiff had brought a claim against National pursuant to subsections (a) and (b) of the RICO statute, Plaintiff failed to properly allege that National derived a benefit from its agents' pattern of racketeering. Therefore, the imposition of vicarious liability upon National is improper under subsections (a) and (b) of the RICO statute.

## CONCLUSION

The application of vicarious liability under RICO is improper in the instant case under §1962(c). Plaintiff's complaint does not allege that National knew of Defendant Apex's and Defendant Schiesser's scheme to steal shippers' household goods, nor does she allege that National was the aggressor or the central figure in its agents' racketeering activity. Further, even if Plaintiff had sought to hold National vicariously liable under §1962 (a) and (b), her claim would still fail because National did not derive a "benefit" from the corrupt acts of its agents, Apex and Schiesser. Accordingly, Defendant National's motion to dismiss Counts VII and VIII of Plaintiff's complaint is granted.

Dated: July 1, 2004

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge